Would the attorneys who are going to argue the case please approach the podium, identify yourselves and the party you represent, and indicate to the panel how much time you would like to argue your position. Ross Allen for Victor Denis, I would like 10 minutes in argument and 5 minutes in rebuttal. Good afternoon, Lisanne Pugliese, Assistant State's Attorney appearing on behalf of the people of the state of Illinois. I anticipate 15 minutes of argument. And Assistant State's Attorney Mary Boland, if there are questions or argument related to the Sex Offender Registration Act, I'll be handling that argument here today. Is that all right with your Honor? Well, I don't know. I'm the Conflict Sex Crime Specialist for the Appellate Division and I write the SOAR arguments in the case. Well, there's only so much time allotted. I will be as short as the Court would like me to be. Well, I'm not going to do that. So I'll tell you what, you two figure out how much time of the 15 minutes you want to have divided amongst yourselves. All right. Thank you. Okay? We tend to be agreeable up here. Thank you. Counsel? Good afternoon, Your Honors. May it please the Court, counsel, Ross Allen from the Appellate Division, from the Office of the State Appellate Defender, on behalf of Victor Dennis. I want to discuss Argument 2, where Dennis was improperly convicted of criminal sexual assault under the version of the statute charged by the State. In People v. Lloyd, the Federal Supreme Court found that this version of criminal sexual assault was a crime of the state, and that Dennis was either unconscious, asleep, intoxicated, or severely mentally disabled. Based on Lloyd, the State was required to show here that Dennis knew that MD was unable to understand or give consent, but the State failed to do so here. Now, Lloyd doesn't exclude age as an inability to understand, does it? I mean, it doesn't say. And I know that it talks about those other issues that you just talked about. But it doesn't exclude age as... I think that Lloyd essentially says that you have to show in its wording, it states that the State has to show some fact other than age. And here, the State simply did not show any other fact other than that Dennis knew MD was 7 years old. Now, Lloyd was 13, the victim was 13, and here it's 7 years old. Do you think that is an additional fact? Now, I think it is obviously a different fact, and I think it does change the situation. However, when you look at the language of Lloyd, it is clear there has to be some other fact. And, you know, the complaint being 7 years old versus 13 changes it, but they still needed to present something. Like showing that Dennis knew she didn't understand the nature of the acts, some sort of statement indicating that she didn't understand what was going on before or during the act. However, the only fact that was shown occurred... There were testimonies of anything. Well, so she did testify that she did not understand what was going on. But, if you look at Lloyd, it explicitly talks about how the sexuality scheme was designed so that a complainant would not have to talk about their sexual knowledge or any of that. And so, the thing is, they never showed that Dennis knew she didn't understand. She did make a statement after the incident asking him what the wet spot on the bed was. However, that occurred after the incident. If some sort of question... After one of the incidents. Well, so what we are discussing in Argument 2 is only the incidents that occurred in the bedroom, because that is the incident where MD said that Dennis penetrated her. The other incident goes to the account of aggravated criminal sexual abuse, which is now being challenged under Argument 2 because that has a different statutory construction. And so, that statement cannot have any impact on his knowledge as to the incidents in the bedroom. But, if some sort of statement had occurred before that, it would have... Let me show you my new Barbie sheets. Isn't that similar to someone watching, let's say a 20-year-old watching some kind of a cartoon? Well, I don't think that discussing her sheets should infer to Dennis that she does not understand what sexual acts are. I think that just goes to the kind of things that she was into. Overall, they had to show regarding her knowledge regarding those sexual acts, much like those things they talked about, not knowing... She testified that she did not know what a penis was. If she, for example, had asked him, like, what is that? That would have... Evidence like that would have shown that Dennis knew that she did not understand. But, I don't think that it's unrewarded that they showed any fact that Mr. Dennis knew that she was unable to consent or understand the act. But, following up on what Justice Walker said, was it in Maloney that they did take into consideration some childlike thing that she was doing? Yes, and I don't know what it was off the top of my head. But, similar to the Barbie, the Barbie, it shows a childlike... Right, yes, so in Maloney, in that situation, the victim had cognitive disabilities. And, you know, according to that, they said that the defendant had an ample opportunity to assess their mental capacity. But, I think that Maloney really clarified the Supreme Court's understanding of this issue. And, it really focuses on the defendant's knowledge. And, I think another important consideration in this case, like in Maloney, the victim had cognitive limitations. Here, the defendant had cognitive limitations. He was found to have a borderline intellectual function, IQ of 73. He had educational scores in the elementary school range of third and fourth grade in certain areas. I think that is also a very important consideration here, focusing on, especially when Maloney focuses on what he knew. Well, you seem to rely on his IQ of being 73 as meaning something. But, there was no evidence at trial that it meant anything other than he was at a third or fourth grade educational level. There was no expert testimony proffered by you, or the defendant, that said, And, therefore, because he has a 73 IQ, this impacts his ability to, for lack of a better term, know right from wrong. It just said he's got a third grade educational capacity. What does that mean in relation to his knowledge that a 7-year-old, by all common indications, anybody walking down the street who is, what, 17 years old or 18 years old, typically, it can be inferred, knows that a 7-year-old cannot consent to sexual predation? Right, but I think that Mr. Dennis is not a typical 18-year-old, which was shown by the testimony of the psychologist and the psychiatrist, that he has a limited understanding of how things work. He's not a rocket scientist by any means, but he's got a 73 IQ. So, how does that relate to his ability to know what's appropriate with a 7-year-old? There's no connection there that I see in the record. Well, it's still there. I think that the court can connect that. Basically, to determine whether or not he understood that she was able to, whether or not he knew that she was able to understand her consent. I think that someone's cognitive abilities just inherently, it goes to whether or not they can process their interactions with their family members or strangers or things like that. Now, when you say the court, do you mean us or do you mean a trial court? Just out of curiosity. Well, I mean, both. I know here that the appellate court has to take the facts in the light most favorable to the state. However, again, I would go back to Louie that there is just absolutely no evidence other than defendant's knowledge of her age. That's not true. There was extensive testimony in Lloyd of multiple acts of actions between the minor and the defendant, multiple. Some of them she resisted, refused, didn't want to do it type of thing. Others she encouraged. And in that context, the Supreme Court said, it appears to me that what the Supreme Court was saying, given these facts, the state can't argue, okay, even though these facts are here, her age alone is enough to indicate that he should know that she can't consent because she was 13 years old. And then the court went into this long analysis of the various crimes involving 17-year-olds and 13-year-olds, et cetera. But they kept coming back to the phrase of the state cannot rely on the victim's age alone. In the context of that case, there were other facts, in addition to the age, that would indicate that the victim did know how to resist, refuse, not consent. So that leaves us with the normal, everyday activity of the interaction in social intercourse where a 17-year-old dealing with a 7-year-old, it can be inferred or the finer fact could infer that this 17-year-old knew or knows that a 7-year-old cannot consent to the activity. So my understanding of Ward, though, is that they really, you know, they did discuss extensively the testimony regarding her knowledge and, you know, all the different incidences and all of that. But they also stressed that it was of no concern how knowledgeable or willing a minor might be. The fact was it was the focus was on the defendant's knowledge. But the defendant was even sometimes with babysitting. She and her brother spent considerable amount of time in the home. I'm trying to see how the defendant could not have that knowledge. In addition, you think of a 7-year-old. A 7-year-old can't even be charged with a crime. We wouldn't even bring a 7-year-old into juvenile court and charge them if they were to commit a crime. Probably, so I just want to see how we get to consent with a 7-year-old. So there's a couple parts to unpack it. First, I'd like to discuss his supervisory role. And so Envy did testify that while both incidents occurred, he was, you know, in charge or babysitting. But there was no testimony as to what that role entailed. It wasn't a description of that he, you know. He was a supervisory role. Right. But he would babysit alone. He was sometimes the babysitter. Right. But I don't think there was any kind of discussion of what that entailed. I mean, for example, it wasn't his job. He wasn't being paid for it. There wasn't a testimony about whether or not he was, you know, making meals, determining bedtimes, things like, you know, what a babysitter often does. And so the lack of specifics of what that role was versus just he was the oldest one, so he was not only put in charge while the adults were gone, I just don't think there were any more specific facts as to conversations that he would have had with her You know, there was no evidence that they ever discussed sex or discussed these type of acts in a way that he then would have known that she was unable to understand. You know, and it's just really just focusing on that language. I know they discussed those, you know, the specifics of it, but the specifics of the whole of that, you have to show something more than just age alone. And so... Why did the void apply to showing more than just age alone for a 13-year-old? Well, my understanding of the holding was that applied for this entire statute, is that basically the state, it's not just somebody who is more, you know, who is an older child who might know more about sex, but my impression of the holding of the ruling was that they specifically had to show something more, because there are other statutes that the state could have convicted him under. The state did charge him with predatory criminal sexual assault, but the trial court in error found him not guilty of that charge. You know, that is, you know, he was, that statute clearly fits here. The trial court found him guilty in error. Oh, I'm sorry, not guilty. They found him not guilty. You said found him not guilty in error. Well, I mean, if you look at the, if you look at the statute, you have to be, you know, under the predatory criminal sexual assault statute, the defendant has to be 17 years or older, and the complainant has to be under 13. There is no requirement of knowledge that they were unable to consent or understand the acts. That was the proper statute for what occurred here. Not criminal sexual, not the criminal sexual assault statute that he was convicted of. So your position is if a 17-year-old is walking down the street, and this 17-year-old was number one in his class in high school, and he came upon a 7-year-old and engaged in offensive predatory sexual conduct with the 7-year-old, the state would have to prove that this valedictorian would have to present facts to show that the valedictorian knew that the 7-year-old could not consent. Under Lloyd, yes. But you think under Lloyd, there's just no limit, so a 2-year-old. I think that is a different question. I think that when it comes to somebody, you know, 7 versus 2 is obviously very different. How about an 8-year-old or a 6-year-old? Well, I think that, you know, there's a very similar. No, no, it's a stranger. A 17-year-old means a stranger who's 6, 7, 8 years old. 5 years old. 5? Where's the continuum? Where do you draw the line? Well, you know, if you look at Lloyd, there has to be something other than the knowledge, and it's just some sort of other fact, and so you just need to kind of flush that out or just try that defendant under the predatory criminal section. It just disappears, this question. Again, make it a 3-year-old. And you're saying that the State would need to prove that there's some knowledge that this person doesn't have the ability to consent? And I guess what Justice Pierce is asking you is, like, what is the age from your standpoint? What's the argument here? What's the age? Well. Lloyd says 13. Well, I don't think that's what Lloyd says. I think that Lloyd focuses on what the State needs to prove, and I think these are all crimes under the predatory criminal. Well, the court decided the case that was before them. That's what courts do. So the court said, a 13-year-old, you need to prove more. You're leading Lloyd to say that, no, regardless of the age of the child, and I think courts decide the cases that are before them and not necessarily what everybody in the State needs to do. Well, what I think Lloyd focused on was the statutory scheme that the legislature clearly established here. It clearly established an age-based scheme where a person 17 years of age or older penetrating a person under 13 is a crime under predatory criminal sexual assault. There are other age-based offenses, which they then discuss in Lloyd, and then increasing the punishment. But then they also know that there was a statute designed for no sexual assault. There are situations where the complainant is intoxicated, asleep, severely mentally disabled, unconscious, where the defendant would know that the complainant does not understand or is able to consent. For example, if they walk in on somebody who is sleeping, they would know because they are sleeping that they are unable to consent. And so that is what this statute was designed for. I believe Lloyd even referenced that there was no other appellate, there were no published appellate court decisions regarding this specific subsection regarding an age-based offense. Those cases fall under the predatory criminal sexual assault statute. So could a trier of fat take the position that if an intoxicated person is incapable of giving consent, a 7-year-old was in the same area of inability to consent? A 7-year-old is no different than an intoxicated person or a person who is asleep as far as the ability to give consent. A 7-year-old, by virtually everybody's civilized understanding of human nature, is not capable of consenting to sexual acts. If you look at the sexual assailant, anybody under the age of 17 is unable to consent, which is what Lloyd discussed. And that's why the focus is not on the kind of ability to consent in this case because if that's what my point is, is if these other cases that Lloyd referred to found that the defendant in those cases knew that an intoxicated person couldn't consent, why can't the trier of fact in this case infer that a 7-year-old is in the same situation as an intoxicated person or somebody who's asleep? Or disabled. Or disabled, where the defendant should also know that that person is incapable of consent. So a trial court could find that if there are some facts presented other than just age. You can convict a person who is 17 or 18 of this crime for knowing that they were unable to understand the nature of the act if they presented some other fact than just the age. Just as a follow-up to that, what about in this case? Now, we know what the standard is. We have to view the evidence in the light most favorable to the people that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. We all agree on that. So what we have here is a 7-year-old. They have continuous and significant contact. The testimony by Dr. Echevarria says that the defendant understood his actions at the time. That's the opinion. That's in the record. These are all the things that are in the record. At the time, the defendant told her not to tell anybody. And there's probably some other things in the record that I'm not thinking of right now. So wouldn't those all be facts, though, that are in addition to the age? You know, Maloney, they're going to account in a Bugs Bunny book. You know, I mean, these are things that are… Couldn't a trier of fact, when we apply the standard that we're supposed to apply, couldn't they be affirmed? Well, sir, I want to discuss a couple of those facts real quick. In particular, the fact regarding Dennis telling her not to tell anyone, that is actually a similar fact to what occurred in Lloyd. Lloyd also told her not to tell anyone. And I think that's because you can understand that what is occurring is wrong, you know, penetrating a family member, but that does not necessarily show that he knew that she was unable to understand or consent. And then also with regard to Dr. Echevarria's testimony, he testified that Dennis understood his acts, and not necessarily understood his acts, but the question is whether or not he understood the act of penetrating MD, but the question is whether or not he understood that MD was able to understand or consent. And so I think that those facts just do not, especially in the line of Lloyd, you know, the defendant there knowing the complaint her entire life as well, you know, and also, I mean, focusing on Dennis' ability to learn, that I think also has to be, you know, considered with all those facts in determining whether or not Dennis knew. And I don't think that they, you know, provided anything other than his knowledge of her age. On this issue, what's the standard of review? So it would be, you know, the right most favorable to the state here. So he would be, you know, reviewing the trial court evidence in that manner. Do you believe it's a manifest waive? Let me review that. Do not vote. Do you believe it's a manifest waive? No. We've given you. Thank you, Your Honor. No, no, no, it's because of us, not because of you. Do you have anything else you'd like to? No, I mean, I would just stand on, yes, just stand on the thought that the, you know, state failed to prove that Dennis knew that MD was unable to understand or consent, and therefore this Court should vacate Mr. Dennis' criminal sexual assault conviction. Thank you. Thank you. Before you start, Ms. Rigby, Mr. Allen spent a lot of time on this issue. What is the standard of review here? For reason beyond a reasonable doubt, he's challenging the sufficiency of the evidence. So on review, this Court is to view the evidence in the light most favorable to people to determine whether the evidence sufficiently established elements of this offense, of criminal sexual assault. Mr. Allen is basically arguing that because we're interpreting the statute, that there should be a de novo review. Well, he didn't raise a statutory construction issue. He raised the sufficiency of this evidence and whether the people established the elements of criminal sexual assault. So the appropriate standard under his issue raised in issue two is a review that I just commented on. So moving forward, the people established, beyond a reasonable doubt, the defendant in this case knew the 7-year-old victim was unable to understand or consent to this sexual penetration while the defendant was home alone. No evidence was provided to that effect. Mr. Allen makes a good argument that the State provided no evidence whatsoever to show that the victim could not understand or even to show that the defendant knew that the victim could not understand. That's really the issue. Right. And the issue is what fact, what did the defendant know aside from the victim's age in this case? And that's what Lloyd holds. There's a very narrow holding. We can bring charges under this count in these circumstances, but we need to prove some fact other than her age. And there was not one specific fact here. There was a multitude of facts which the trial court could infer the defendant's knowledge in this case. We have a victim who's 7 years old, and that is something that the court can consider, but there is more than the age in this case. The defendant was a trusted babysitter and close family relative who knew this victim for her entire life. They grew up together. He spent a considerable amount of time at her house. And while he was at her house, he had the opportunity to assess her mental capacity. He had the opportunity to observe her in her daily life. He saw her Barbie sheets. He knew that she was interested in Barbie dolls and playing with Barbie dolls. They had conversations. They watched television together, which is what they were doing when the second offense occurred. They were watching a holiday special. So the defendant, in his close relationship with the victim in this case, was able to assess that based on all of these factors, this child was unable to consent or understand. And not only was he able to be around her a considerable amount of time, he knew that there was a power imbalance here. He knew that on his two occasions that he chose to assault this victim, that he was in control. He knew she wasn't going to say no or refuse him because she didn't understand what was going on. And we know he knew that based on his actions. He didn't ask her for permission. He didn't tell her what was going to happen. He's the one who initiated the contact. He pulled down her pants. He initiated the penetration. He did all of these things because she had absolutely no idea what was going on. So based on all of these facts and this relationship, there was sufficient action from which the trial court could infer the defendant's knowledge in this case. And the defendant would like this court to limit this type of lawyer to cases of mental incapacity or intoxication. But Lori doesn't say that. Lori does a very narrow holding and says simply we need to prove some other fact. And to Justice Griffin's point earlier on people versus Maloney, we have kind of similar facts that this court used to infer the defendant's knowledge in that case. In that case, the defendant only observed the victim in that case for 20 minutes. And the trial court found that in those 20 minutes, by talking to this 15-year-old who had a mental capacity of a 7-year-old, just the same age in this case, in 20 minutes the defendant could infer by the Bubbles Buying Book that that child was reading, by the childlike conversation that that defendant had with that individual, and the kind of discussions that they had that that defendant could infer in 20 minutes. Here we have seven years that this defendant had to observe and assess the 7-year-old victim. Do you know why did they charge under this section? Well, the state has discretion obviously to charge those that they believe is appropriate. In this case, we also did charge under the Predatory Criminal Sexual Assault, Count 1, which was an age-based statute. However, the trial court, for whatever reason, did not find him guilty on that count, perhaps considering his low IQ of 73. He, perhaps for purposes of leniency, it was unknown, but we found him not guilty of that. But that does not preclude us from charging under this section of the Criminal Sexual Assault statute. In this case, under these circumstances, and looking at the totality of the circumstances, a rational trial court can certainly infer that the defendant had knowledge that this victim had absolutely no idea what was going on and couldn't form the understanding or consent in this case. And I'd like to address also the defendant's cognitive disabilities, which the defendant has asked this court to then discredit his ability to have this knowledge because of this IQ. But as the court commented, IQ assesses his cognitive abilities, his ability to read, some reasoning, his logic, his math skills, but an individual with an IQ of 73 also can learn and also can adapt to society. And in this case, as is relevant here, this defendant did that. He eventually went on to work and call down jobs. He lived on his own for a period of five years, and he was able to be in control of his own affairs. So while he did have this IQ, there's a much bigger picture we need to look at with regard to this defendant and his ability to form the knowledge in this case. The defendant would like to make this case all about his IQ and that it was 73 and that he couldn't form this knowledge, but really what this case was about was the defendant's selfish desire for sexual gratification at the expense of a 7-year-old little girl who he was babysitting. So again, if you look at this case in that sense, the people clearly proved beyond a reasonable doubt that he had the requisite knowledge to establish criminal sexual assault. And in addition to that, I would just like to point out that, again, he was in a position of control, and he took advantage of this victim because he knew that she did not know what was going on, and he found a time that he can do this when no one else was around, and he was babysitting her and took advantage of this 7-year-old girl. What about, this is switching gears here a little bit, but the trial court's statement about the outcry, that I believe it was with regard to the prior consistent statements, does outcry apply in the facts of this case? It's specific to this defendant's knowledge and the issue we're addressing currently. No, no, just in general. Just in general, sure. I mean, as far as the credibility of the victim in the general sense, whether it's assessing her credibility, sure. We can look at that outcry. But an outcry, while it was delayed in this case, clearly it was 10 years before she made an outcry to her mother, this Court is well aware and courts have recognized that child victims of sex abuse, it's not uncommon for them not to make an immediate outcry. It's not uncommon for them to submit to themselves. Was it an outcry or is it admissible? Should it have been admitted? What difference did it make if she had an outcry 10 years later? Why was it important? Well, I think the trial court found this victim credible based on her testimony. And while it's true the trial court did consider her outcry and that it was reasonable that she made that outcry in these circumstances, the outcry was just a small part of this case, where the court found not only that the victim was credible in her testimony and her testimony was uncontradicted at trial, that these two offenses did happen. And then the court also found credence in the defendant's admission that he in fact did commit these two offenses against the victim. And these two statements... So the outcry wasn't important? No, it was important and it was relevant, but it was relevant in the big picture of all of the evidence in this case. And it was, I know we didn't just touch on issue two with the defense here, but the position that it was properly admitted. And even if it wasn't improperly admitted, based on the overall evidence in this case, there was no plain error because this evidence was not closely balanced based on the victim's credible testimony and the defendant's admission. In order to get to a plain error analysis, does the error, if found, have to be prejudicial? Does harmless error trigger a closely balanced analysis? The first step, as you said, was whether there was error. And after we determine whether there was error, we look at whether the evidence was closely balanced and whether he was prejudiced. My question is, does the error, if found, have to be prejudicial error? If the error found is harmless error, do you go to a closely balanced analysis? I think it's within that closely balanced analysis that it's determined that the evidence is not prejudicial to the defendant. Because the evidence was not closely balanced, that the admission of any outcry would not have changed the outcome of this case. Okay. Thank you. Okay. For these reasons, for those containing the People's Brief, we respect the request that this Court affirm defendant's convictions for criminal sexual assault and aggravated criminal sexual abuse. Thank you. Just a few things in rebuttal. First, I want to correct myself regarding the standard of review. It is supposed to be assessed in the light most favorable to the State, and then if a rational trial of fact could have found that the elements of the crime beyond a reasonable doubt. In response to the State's argument, I just want to stress again, the State focused on the power imbalance and that kind of relationship. There was very limited testimony about what their actual relationship was. It was established they were cousins, that he was in a supervisory role at least a few times when people left, but there was no specifics about what that entailed or how often they actually interacted or how much he interacted with her and whether or not that allowed him to know that she was able to understand the nature of the acts or able to consent. And then just briefly as to the question regarding the outcry, that testimony was improperly admitted because that was hearsay and it did not fall under any of those exceptions like prior consistent statement as discussed in the opening brief and conceded by the State. And also regarding excited utterance, this particular situation did not fall under that exception. How was the defendant prejudiced by that? You know, as I'll read in argument one, the evidence was closely balanced. We found the defendant's statement, there were numerous questions regarding it and how it was elicited especially in light of his borderline intellectual function. So I mean, but if you really look at his ability to read, write and his reading comprehension, it is just not believable that that statement was given by him. And so based on that, we would argue that it was closely balanced. You know, we're looking to what the word of support for that statement. If you guys don't have any more questions. I'm just going back to the hot button issue again quickly. Oh, sure. In Maloney, the court found that the victim had the mental capacity of a seven-year-old and found that the defendant within a short period of time, and I want to say they may have been at the airport talking or at the bus station somewhere, and the court found that the defendant was able to ascertain in that short period of time that the victim had the capacity of a seven-year-old, mental capacity of a seven-year-old. This is a seven-year-old. So I'm trying to see how do we, how do you distinguish that from the court? How we distinguish that is the defendant here and his cognitive abilities. Based on the testimony from the psychologist and the psychiatrist, he had an IQ of 73 and the mental abilities of an elementary school student. And so I do not think that based even on his lengthier relationship with MD than the defendant and the complainant in Maloney, there's just not enough evidence to show that he knew that she was, you know, unable to understand or consent. And with that, I ask this court to reverse Dennis' conviction for criminal sexual assault, and I submit this case for decision. Thank you. On behalf of the court, we appreciate everybody's efforts in this regard. It was well briefed, and we will take the matter under advisement. The court stands in recess.